IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

**OKLAHOMA STUD RANCH INC.**, a )
Florida for-profit corporation, )
)
    Plaintiff, )
)
v. )   Case No. CIV-22-82-SLP
)
**JAMES HELZER** and **MARILYN** )
**HELZER**, )
)
    Defendants. )

## COMPLAINT

Plaintiff OKLAHOMA STUD RANCH, INC. ("OSR"), a Florida for-profit corporation, hereby sues JAMES HELZER and MARILYN HELZER (together, "Defendants") for breach of contract, and as grounds therefore states:

### Parties, Jurisdiction, and Venue

1. OSR is a Florida for-profit corporation, whose principal place of business is located at 3430 Boardroom Trail, The Villages, FL 32163.

2. James Helzer and Marilyn Helzer are a married couple who reside at 15617 Cardinal Nest Drive, Edmond, OK 73013 and may be served at that address.

3. This Court has subject matter jurisdiction because of the diversity of citizenship present under 28 U.S.C. § 1332. The parties are completely diverse.

4. OSR is the successor-in-interest to the assets of Oklahoma Stud Ranch, Inc., an Oklahoma corporation. Those assets included the claims

contained in this lawsuit and which were noted and preserved in N.D. Tex. Bankr. Case No. 13-42626-RFN-7.

5. The amount in controversy exceeds the minimal jurisdictional requirements because OSR seeks damages and fees in excess of $75,000.00.

6. This Court has personal jurisdiction over Defendants because they do business in this district, reside in this district, otherwise have sufficient minimum contracts with this district, and exercising jurisdiction would not offend traditional notions of fair play and substantial justice.

7. Venue is proper in this district under 28 U.S.C. § 1391 because Defendants reside in the district and a substantial part of the facts and disputes regarding the claims arose in this district.

## Factual Background

8. OSR and Defendants were parties to a Lease-Purchase Agreement, attached hereto as Exhibit 1 (the "LPA"). By way of the LPA, OSR leased real property located at 17224 State Hwy 74, Purcell, OK 73080 (the "Property") to Defendants pending the Defendants' final purchase of the Property.

9. The LPA contained several addenda, which are also attached as part of Exhibit 1, and which also governed the rights of the parties to the LPA.

10. At or around the time the LPA was executed, Defendants took possession of the Property.

11. The relationship between the parties to the LPA was always uneasy. Defendants routinely failed to make payments due under the LPA and, if they did, the payments were often late.

12. During the term of the LPA, Defendants constantly raised spurious or unfounded claims during their tenancy.

13. Defendants routinely damaged OSR's personal property located on the Property, including equipment.

14. Defendants removed tractors and other vehicles and equipment from the Property without asking OSR's permission.

15. All conditions precedent have either occurred, have been waived, or are futile.

16. In order to avoid their liabilities under the LPA, as well as other liabilities, Defendants petitioned for bankruptcy in Case No. 13-42626-7 for the United States Bankruptcy Court in the Northern District of Texas, Fort Worth Division.

17. Later, in 2018, Defendants waived any discharge of their obligations to creditors, including those to OSR and for which OSR now files suit.

**Count I – Breach of Contract: Failure to Pay Rent**

18. OSR restates paragraph nos. 1 through 17.

19. Under the terms of the LPA, until Defendants consummated the purchase of the Property, Defendants were obligated to pay rent, property taxes, insurance, and to assume OSR's mortgage payments.

20. Specifically, under terms in Pages 3 and 4 of the LPA, Defendants were obligated to pay base rent of $17,102.00 per month to OSR. Defendants paid this from June 2015 through December 2015, but never again paid the full amount. In April 2016 and August 2016 through November 2016, Defendants made partial payments of $7,000.00, $12,000.00, $7,000.00, $10,000.00, and $10,000.00. A base rent ledger is attached as Exhibit 2. The total amount of damages for this failure is $193,428.00.

21. Additionally, under pages 3, 4, and 5 of the LPA, Defendants were obligated to pay the property taxes, insurance, and OSR's mortgage payments.

22. OSR's mortgage payments were approximately $22,702 per quarter. Defendants paid these amounts in June and September 2015, but never again. A mortgage ledger is attached as Exhibit 3. The total amount of damages for this failure is $113,510.00.

23. Property taxes for the Property were approximately $13,000 twice per year. Defendants paid this amount in June 2015, but never again. A property tax ledger is attached as Exhibit 4. The total amount of damages for this failure is $39,000.00.

24. Insurance for the Property was approximately $2,400 per month. Defendants paid this amount from June 2015 through February 2016, but never again. An insurance ledger is attached as Exhibit 5. The total amount of damages for this failure is $28,800.00.

25. OSR was damaged by Defendants' failure to pay the amounts described on Exhibits 2 through 5. Together, they amount to $374,738.00.

26. OSR did receive a credit from the bankruptcy estate for administrative expenses in the amount of $63,612.00. The bankruptcy estate permitted the administrative expenses because OSR's Property was necessary to preserve the assets of the bankruptcy estate, including horses and their maintenance. This amount is therefore a set-off to the total amount claimed by OSR for damages under this section.

**WHEREFORE**, OSR requests that this Court award OSR a judgment in its favor for Defendants' breach of the LPA, and award OSR damages in the amount of $311,126.00, for unpaid obligations under the terms of the LPA, attorney fees, costs, pre-judgment interests, and any other relief that this Court deems just and proper.

### Count II – Breach of Contract: Damages

27. OSR restates paragraph nos. 1 through 17.

28. After Defendants took possession of the Property, they began treating all of OSR's personal property on the Property as Defendants' own.

29. Despite Defendants failing to consummate the purchase of the Property at any time, Defendants sold or absconded with possession of the equipment described on Exhibit 6. This equipment was and should be owned by OSR.

30. For each item listed in the first column of <u>Exhibit 6</u>, OSR has been damaged in the amount described in the second column of <u>Exhibit 6</u>.

31. Under Section 2.C. of the LPA, none of the accessories or equipment belonging to OSR was to transfer to Defendants upon Defendants' purchase of the Property. Needless to say, there should have been no confusion because Defendants' possession never escalated from mere possession under a lease to fee simple ownership, nor was there ever any right to liquidate OSR's personal property from the Property.

32. Thus, Defendants breached the LPA by selling or depriving OSR of each item described on <u>Exhibit 6</u>.

33. As a result, OSR is entitled to damages of $72,670.00 for selling or depriving OSR of the items described on <u>Exhibit 6</u>.

34. However, Defendants also damaged the personal property of OSR on the Property.

35. Specifically, Defendants damaged the following fixtures, improvements, and personal property on the Property that was owned by OSR:

    a. Entry gates to ranch;

    b. Entry brick pillar and wiring to gate and phone;

    c. Fly spray systems in main and stud barns and replace clogged nozzles;

    d. Port-a-cool units;

    e. Golf cart batteries;

    f. Leaking water frost free bib in west barn;

    g. Auto-waterer in trap and others;

    h. Bent bars on hot walker;

    i. Side screens on shaving bin;

    j. Pasture filth and debris;

    k. Hay barn filth and debris;

    l. Fire extinguishers;

    m. Hillside and root remains / manure piles;

    n. Graveyard lot filth and debris;

    o. Fluorescent lights; and

    p. Apartment lamp.

36. The total amount of damages, including replacement cost, material cost, and labor cost, arising from Defendants' causing the damages to or described in Paragraph 35 was $38,300.00.

37. The damages described in Paragraphs 35 and 36 are a violation of the LPA (Sections 2.C. and 9.C.) and under the terms of the LPA Defendants are responsible for these items.

**WHEREFORE**, OSR requests that this Court award OSR a judgment in its favor for Defendants' breach of the LPA, and award OSR damages in the amount of $110,970.00, for damages arising from the sale or deprivation of the items in

Exhibit 6, attorney fees, costs, pre-judgment interest, and any other relief that this Court deems just and proper.

### Count III – Breach of Contract: Failure to Purchase

38. OSR restates paragraph nos. 1 through 17.

39. In Section 4 of the LPA, OSR and Defendants agree that Defendants shall purchase the Property for $4,000,000.00.

40. Defendants complied with all conditions precedent in the terms of the LPA, which then obligated them to purchase the Property at the purchase price of $4,000,000.00.

41. However, Defendants failed to purchase the Property.

42. Eventually, OSR sold the Property for $2,500,000.00. Thus, OSR suffered damages due to Defendants' failure to purchase of $1,500,000.00.

43. Defendants are liable for the difference in purchase price that OSR should have received from Defendants and what it ultimately received.

**WHEREFORE**, OSR requests that this Court award OSR a judgment in its favor for Defendants' breach of the LPA, and award OSR damages in the amount of $1,500,000.00, for Defendants' failure to purchase the Property, attorney fees, costs, pre-judgment interest, and any other relief that this Court deems just and proper.

Dated: January 26, 2022.

Respectfully submitted,

/s/ Christian W. Waugh

**CHRISTIAN W. WAUGH, B.C.S.**
Florida Bar No. 71093
**WAUGH GRANT, PLLC**
201 E. Pine Street, Ste. 315
Orlando, FL 32801
Telephone: 321-800-6008
Fax: 844-206-0245
Email: cwaugh@waughgrant.com
Email: mnorberg@waughgrant.com
Email: rwood@waughgrant.com


In coordination with Local Counsel pursuant to LC 83.3(b),

/s/ Micah Ayache
MICAH AYACHE, Esq.
Oklahoma Bar No. 22391
MICAH G. AYACHE, P.C.
120 N. Willow Street
Pauls Valley, OK 73075
Telephone: 405-238-5000
Fax: 405-238-5002
micah@ayachepc.com